Walker, J., delivered the opinion of the Court in which Keasler, Hervey, Alcala, Richardson, Yeary, Newell, and Keel, joined.
Appellant was convicted of capital murder and assessed a sentence of imprisonment for life without the possibility of parole. The court of appeals affirmed Appellant's conviction. We granted Appellant's petition for discretionary review.
Appellant's sole ground for review states:
When the basis for trial counsel's objection to the admission of the appellant's videotaped custodial statement was apparent at trial, the reviewing court should not avoid addressing that apparent issue by holding the appellant's argument on appeal does not comport with counsel's trial objection merely because *165 the apparent issue is more specifically articulated on appeal.
Appellant's petition sufficiently articulates his argument, but we note that he misquotes the court of appeals's holding by saying, "appellant's argument on appeal does not comport with counsel's trial objection ...." The court's holding actually states, "Because appellant's argument on appeal does not comport with any objection raised in the motion to suppress or at the suppression hearing, appellant has failed to preserve error on this issue." Gibson v. State , No. 14-14-00595-CR, 2016 WL 4254136, *7, 2016 Tex. App. LEXIS 8726, *20 (Tex. App.-Houston [14th Dist.], Aug. 11, 2016) (mem. op., not designated for publication). Appellant's petition does sufficiently complain that the court of appeals erred in not addressing the merits of his appellate claim by holding that he failed to preserve error. We agree and reverse.
Appellant was convicted of capital murder during the course of an armed robbery of a mobile phone store in which the store's owner was shot and killed. During the investigation of the offense, Appellant was observed as the driver and sole occupant of a motor vehicle which was under surveillance for having been connected to the robbery suspects. After being stopped for traffic violations, marijuana was found, and it was determined that Appellant had three outstanding warrants. It was also determined that Appellant had provided a false name in identifying himself after the stop. Appellant was taken into custody and interviewed about the offense.
The video recording of the interview lasted approximately seven hours. An officer read Miranda[1] warnings to Appellant at the beginning of the interview. Only after the seven hours did Appellant invoke his right to an attorney whereupon questioning stopped. After initial questioning, the officer left Appellant alone in the interview room for several hours; although, during this interim period, other officers briefly spoke with and photographed Appellant. No new Miranda warnings were given to Appellant when the officer returned and continued the interview or when the other officers briefly spoke with and photographed him.
Appellant filed a pre-trial suppression motion seeking suppression of the interview. After a hearing thereon, which included witness testimony, the trial court denied the motion. The written motion did not address the allegation that there was a five hour span of time between the initial interview and the continuation of the interview which was absent any additional Miranda warnings. When the officer testified at trial, Appellant objected to the last part of the recorded custodial interview. In the objection, defense counsel specified that he was asking that the second part of the interview be suppressed because Appellant was not re-warned. Defense counsel stated:
So, anyway, I just wanted to put that in the record. There's some specific case law on that. And I don't know if we'll be successful with that point on appeal, but I want to make sure it's there on appeal. He wasn't re-warned. There was a five-hour gap. I don't know if the Court of Appeals would view that as one continuous interview or not. But I'm objecting to it. And asking that it be suppressed, the second part of the interview because of the failure to re-warn him.
VI R.R. 78. The trial court overruled the objection and subsequently admitted the evidence of the interview.
*166 After conviction and sentencing, on direct appeal to the Fourteenth Court of Appeals, Appellant included points of error claiming that the trial court erred in denying his motion to exclude the second part of his videotaped statement because peace officers failed to re-warn and advise him of his Miranda rights and failed to provide him with the warnings mandated by article 38, section 2(a) of the Code of Criminal Procedure "at the time of his second custodial interrogation." Brief for Appellant on direct appeal at 11. The court of appeals noted, "Appellant's written motion to suppress did not raise the issue presented on appeal." Gibson v. State , No. 14-14-00595-CR, 2016 WL 4254136, at *7, 2016 Tex. App. LEXIS 8726 at *19. It added, "The record of the hearing on appellant's motion to suppress reflects the issue was not raised at that time either." Id. The court of appeals held, "Because appellant's argument on appeal does not comport with any objection raised in the motion to suppress or at the suppression hearing, appellant has failed to preserve error on this issue." Id. at *7, 2016 Tex. App. LEXIS 8726 at *20.
The court of appeals erred in relying on the motion to suppress and the suppression hearing in order to find a failure to preserve error. Appellant's argument need only comport with the trial objection. The objection was a trial objection and was sufficient to make the trial judge aware of the basis of the objection. To preserve a complaint for review, a party must have presented a timely objection or motion to the trial court stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a)(1)(A). There is no requirement under our jurisprudence that a party, in order to preserve error of appeal on an evidentiary issue, must make sure the appellate argument comports with any related motion to suppress when there is an actual trial objection that comports with the appellate argument.
It should be noted that Appellant's brief on direct appeal stated that "[t]he legality of the videotaped statement was re-litigated at trial by the parties with the trial court again overruling the appellant's objection to the admission of his statement." Id. at 40. It is also true that a ruling on a suppression motion is interlocutory, and the trial court may reconsider its ruling thereon at any time before the end of trial. Black v. State , 362 S.W.3d 626, 633, 635 (Tex. Crim. App. 2012). However, that is not what transpired in this case, and Appellant's assertion on appeal relating to relitigation of the suppression issue did not transform what was clearly a trial objection into a motion to relitigate a suppression hearing. At trial, defense counsel clearly made a trial objection, and even what could be construed as an incorrect statement in an appellate brief cannot change what actually occurred at a trial. Appellant did not request the trial court to revisit the suppression hearing ruling. The objection was clearly a trial objection that presented the specific ground for the ruling requested.
At trial, Appellant made a specific objection to the admission of the evidence, i.e., that he was not re-warned after the five-hour gap, and asked that the evidence be suppressed. The trial court overruled the objection and admitted the evidence. So, irrespective of the written suppression motion claims, Appellant's claims on appeal, as noted above, corresponded with the trial objection. Thus, Appellant's claim of error was preserved for review. TEX. R. EVID. 103(a).
We sustain Appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that *167 court for further proceedings consistent with this opinion.
Keller, P.J., filed a concurring opinion.
Keller, P.J., filed a concurring opinion.
Appellant raised certain claims in his motion to suppress and at the hearing on the motion. At trial, he raised a new claim, arguing that the officers failed to give certain constitutionally and statutorily required warnings at the time of his second interrogation. In his brief in the court of appeals, he said that the motion to suppress was re-litigated at trial, and he argued the merits of the new claim. The court of appeals relied on what was pled in the motion (because Appellant said it was re-litigated at trial), saw that the new claim was not made there, considered whether the error was preserved before turning to the merits of the claim, and held that Appellant failed to preserve error. I agree with the Court that Appellant preserved error regarding his new claim, but I think that his brief was the cause of the court of appeals's failure to recognize that. I think the court of appeals was justified in relying on the motion to suppress and the suppression hearing to find that the claim was not preserved.
Nevertheless, Appellant did preserve his claim, and even though his brief misled the court of appeals, he did include a citation in a footnote that led to the part of the record where he made his new claim at trial. Because of the footnote citation, I think Appellant has shown that he is entitled to have his claim reviewed on the merits.[2]
I concur in the judgment of the Court.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

A brief must contain "appropriate citations to authorities and to the record." Tex. R. App. P. 38.1. That includes pointing out where in the record error was preserved, if error needs to be preserved. See Leza v. State , 351 S.W.3d 344, 358 (Tex. Crim. App. 2011) ("appellant directs us to nowhere in the record where any such complaints were registered in the trial court.... Nor does he offer any justification for treating these arguments as immune from ordinary principles of procedural default.... For this reason, we regard his arguments under this point of error as inadequately briefed and decline to reach their merits.").