John Donovan, Justice
For the reasons stated below, I concur with the majority's opinion issued March 13, 2018, affirming the trial court's judgment.
This court issued an order on March 8, 2018, for a supplemental clerk's record containing appellant's written motion to suppress to be filed in this court. On April 6, 2018, a supplemental clerk's record was filed containing a sworn affidavit that the motion was not part of the case file. The affidavit further states "The defendant did file a motion to suppress on cause #140750401010, #140750301010, #140750201010, and #140704501010, which were dismissed on 05/26/2017." The record before this court contains an exchange that reflects both trial counsel and the State filed a motion so that "all the motions [got] transferred to all seven cases." Trial counsel answered, "Yes" when asked if all his motions were filed under the old cause numbers. The trial court stated, "And there is a motion to suppress in here..... They just didn't have these cause numbers on them." Thus it appears that a motion to suppress was filed in the original cause numbers but after the State dismissed and refiled under new cause numbers, the motion was not included in the case file. Following our receipt of the supplemental clerk's record, neither party has attempted to correct the record before this court. Accordingly, I turn to the merits of the appeal based upon the current record.
Appellant's sole point of error is as follows:
The issue presented in this case is whether the trial court erred in admitting images obtained from an SD card without a search warrant. Costin repeatedly and strenuously objected to the admission of evidence obtained from the Lack home, obtained running objections with each witness. Nevertheless, the trial court admitted State's Exhibit 50, despite the fact that police failed to obtain a warrant to search for the images included on the exhibit. This was reversible error.
The State argues that appellant's issue does not comport with his objections at trial. See Tex. R. App. P. 33.1(a). We cannot ascertain whether appellant's issue on appeal comports with his motion to suppress but such is not required to preserve error on appeal of an evidentiary issue so long as "there is an actual trial objection that comports with the appellate argument." Gibson v. State , 541 S.W.3d 164, 166 (Tex. Crim. App. 2017).
The record reflects that prior to opening arguments the trial court carried the motion to suppress with the trial. During trial, appellant timely made repeated objections and obtained numerous running objections to evidence of the images obtained from the SD card and to the admission of the images themselves. See Ethington v. State , 819 S.W.2d 854 (Tex. Crim. App. 1991) (regarding preservation of error in the admission of evidence). Thus the problem is not a failure to object but the basis for the objections. See Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (stating that when a defendant claims on appeal that the trial court erred in admitting evidence, he must have made a proper and specific objection at the time the evidence was offered to preserve his right of review of that evidentiary claim). At trial, the stated basis for objecting to the search was a lack of probable cause to support the search warrant. Other stated grounds for objecting to admission of the images were relevancy and Rule 403. See Tex. R. Evid. 403. Thus this case lacks "an actual trial objection that comports with the appellate argument." Gibson , 541 S.W.3d at 166.
*219 However, appellant also referenced his pretrial motions and the trial court repeatedly stated that he understood the objections. To avoid forfeiting a complaint on appeal, the defendant must "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). It is the defendant's responsibility to clearly convey to the trial judge the particular complaint, "including the precise and proper application of the law as well as the underlying rationale." Pena v. State, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009). Failure to do so forfeits the complaint. Lankston , 827 S.W.2d at 909. But a defendant "need not state his objection with specificity in order to preserve error so long as the record otherwise makes it clear that both the trial court and the opposing party understood the legal basis." Thomas v. State , 408 S.W.3d 877, 884 (Tex. Crim. App. 2013) ; see also Clark v. State, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ; Resendez v. State, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) ; and Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). In this case, the State expressed no lack of understanding to any of appellant's repeated objections and the trial court voiced an understanding as to why appellant was objecting. Thus the objections were adequately specific. See Thomas , 408 S.W.3d at 884.
What is lacking in this case are any statements on the record that indicate the argument understood by the trial court is, in fact, the argument raised on appeal. See generally Clark v. State , 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Absent any evidence that the trial court was afforded the opportunity to consider the issue on appeal and thereby avoid any error, I would overrule appellant's issue and affirm the trial court's judgment on that basis. See Thomas , 408 S.W.3d at 884 (Tex. Crim. App. 2013) ("[T]he reason that any objection must be specific in the first place is so that the trial court can avoid the error or provide a timely and appropriate remedy, and the opposing party has an opportunity to respond and, if necessary, react.")
I write further to explain that I would also affirm the trial court's judgment on the basis of standing.[1] The record before this court does not contain any evidence that appellant claimed the SD card was his property. State v. Granville , 423 S.W.3d 399, 406 (Tex. Crim. App. 2014) ("A defendant normally has 'standing' to challenge the search of places and objects that he owns.") Appellant presented no evidence regarding his connection to the SD card. Without such evidence, appellant failed to satisfy his burden to establish standing to challenge the admission of the data retrieved from the SD card, regardless of how it came into police hands. See Garza v. State , 705 S.W.2d 818, 820 (Tex. App.-San Antonio 1986, no pet.) (concluding that defendant failed to establish that he had standing when appellant did not testify during suppression hearing and there was no evidence that he had an ownership or possessory interest in the property searched).
Accordingly, I respectfully concur in this court's judgment.
( Jamison, J., majority).

The State raised standing for the first time in its brief on appeal. See State v. Klima , 934 S.W.2d 109 (Tex. Crim. App. 1996).