**AFFIRM; Opinion Filed April 8, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01476-CR

### MITCHELL LEE WILLIAMSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 068084**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Nowell

A jury convicted Mitchell Lee Williamson of sexual assault and sentenced him to five years' incarceration. The trial court suspended appellant's sentence and placed him on community supervision. In two issues, appellant argues the trial court improperly precluded him from cross-examining the complainant, violating his confrontation rights, and his attorney rendered ineffective assistance of counsel. We affirm the trial court's judgment.

The complainant, A.N.L., knew appellant through her friend, Lindsey. Lindsey lived with appellant, appellant's mother, and appellant's best friend, Nick. Prior to the assault, A.N.L. and Nick had a sexual relationship.

On Saturday, March 5, 2016, A.N.L. spent the night at Lindsey's apartment. When she fell asleep on the living room couch, appellant and Nick were not home. A.N.L. awoke in the middle of the night when appellant and Nick returned to the apartment; she asked them to be quiet before going back to sleep on the couch. Appellant and Nick remained in the living room and awakened her again; she again told them to be quiet. The men began playing a videogame while A.N.L. went back to sleep. A.N.L. testified she woke up a third time "because I felt a pain. It felt like a scratch, but it was inside of me. . . . [Appellant is] leaning over me, with his hands under the blanket and between my legs with his finger inside of me." Nick was standing behind appellant. The men "were laughing, they were drunk. They thought it was funny."

She yelled at appellant and ran into Lindsey's bedroom. A.N.L. awakened Lindsey, but then took her things and left the apartment. On Monday, March 7, she reported the incident to the police and met with a SANE nurse for an exam.

**A. Confrontation Right**

In his first issue, appellant asserts the trial court prevented him from effectively cross-examining A.N.L. about: (1) whether "rough sex" was part of A.N.L.'s relationship with Nick, and (2) an alleged sexual assault against her by an unrelated person occurring approximately two years earlier. Appellant argues the trial court's rulings violated his right of confrontation.

*1. Relationship with Nick*

Appellant asserts the trial court improperly limited his cross-examination of A.N.L. about her prior relationship with Nick. Before beginning his cross-examination of A.N.L., defense counsel informed the trial court he wished to question A.N.L. about whether her relationship with Nick included "rough sex" to establish an alternative means for her injury. The prosecutor objected the testimony was not relevant. Before ruling, the trial judge sought additional testimony from A.N.L. Outside the presence of the jury, A.N.L. testified it was possible she had sex with Nick a week prior to the assault, but "it wasn't anything rough or crazy." On one occasion two to three months earlier, they had "rough sex," but did not do so again.

Considering defense counsel's request to place this testimony before the jury, the trial court stated:

> Here is what I would say to the stuff about rough sex, her relationship with him, or whatever, might be on those panties other than Mr. Williamson [sic], some of that is going to be fair game, but I'm going to hold off until I hear from the SANE nurse.[1]
> . . . .
> I mean, obviously, I think they get to try to put on some defense that maybe the cut came from somebody other than Mr. Williamson. How far I let them go, I don't know, because I need some medical testimony.

---

[1] At this point in the trial, no evidence had been admitted about DNA on A.N.L.'s panties. Later, when an investigator with the police department testified, a DNA report was admitted. The report states: "A presumptive test for the possible presence of semen was negative. Spermatozoa, which confirm the presence of semen, were identified on" panties. Neither the investigator nor any other witness offered testimony about the DNA report.

I assume, based on what you said in opening statement, the SANE nurse is going to testify that she examined her, and found a cut.
. . . .
So you understand, [defense counsel], I want to hear from the nurse, what she saw, what could cause it, how long it would last, and how long something might stay there from being there. And then once I understand that testimony, [defense counsel], I will let you go into some stuff about other sexual activity, other partners, could it have been anybody else other than him, those types of things. . . . I don't know how far to let you go on extraneous stuff, because I don't understand the frame - - or timeframe of when whatever the nurse saw could have happened.
. . . .
I think it's fair game for [defense counsel] to get into asking her questions about whether she had any other partners in the immediate time frame. And, obviously, when the SANE nurse gets here, I mean, there is a report of something being on whoever's panties those were, I guess, at the time, which I presume were hers, that's going to be a question, those are fair questions that just need to be asked and answered. How far you get to go, like on the rough sex thing, how far a timeframe until I hear from the nurse you can't go anywhere beyond the immediate timeframe.

The court consistently noted A.N.L. would remain subject to recall.

Based on the trial court's statements, appellant argues he was prevented from cross-examining A.N.L. about "rough sex," her relationship with Nick, and DNA on her panties, thus effectively denying his constitutional confrontation rights. We disagree. The trial court did not preclude appellant from questioning A.N.L. about any of these topics. Rather, the trial court repeatedly stated it was delaying ruling on appellant's request until after the SANE nurse testified. The trial court specifically remained open to allowing the testimony about which appellant now complains he was solicited from obtaining.

–4–

We conclude appellant failed to obtain a ruling on any objection and, thus, failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a)(2). Additionally, appellant did not raise his confrontation clause objection in the trial court and, therefore, has not preserved that objection for appeal. *See* TEX. R. APP. P. 33.1; *see also See Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005) (preservation requirements apply to confrontation complaints).

2. *Previous alleged sexual assault*

Appellant complains the trial court also prevented him from inquiring into a previous sexual assault allegation that A.N.L. made against someone else. Appellant argues this prior incident was A.N.L.'s primary motivation for aggressively seeking prosecution against appellant. Outside the presence of the jury, defense counsel explained that A.N.L. told the police that, a couple of years earlier, she was assaulted; "a couple of times during this investigation she refers to that and says that is why she is so insistent on making these allegations against Mr. Williamson." The State explained that two years earlier, A.N.L. was assaulted but never reported it; she told the police that this time she was not going to do the same thing. The State objected the testimony about the prior alleged assault was not relevant. Defense counsel responded it would show "that possibly she's exaggerating this incident at the very least."

Initially the trial court ruled the testimony was admissible for the limited purpose of showing motivation. Following a recess, however, the judge stated the

"Court rethought its position based on 412,[2] and others." The court declined to permit questioning about the alleged prior incident. The court then asked defense counsel if he desired to make a record of any objections, and defense counsel stated: ". . . we would object to the ruling based on the Texas Constitution, the United States Constitution, Fifth and Sixth Amendments right to present our defense."

Appellant objected in the trial court that the ruling violated his right to present a defense. Yet on appeal, he argues it violated his rights under the confrontation clause. Appellant's complaint in the trial court does not comport with his argument on appeal. *See Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). Nothing about appellant's objection in the trial court was sufficient to make the trial judge aware that the basis for his objection was violation of the Confrontation Clause. Therefore, we conclude appellant has not preserved this argument for appeal. *See id.*; *see also* TEX. R. APP. P. 33.1.

We overrule appellant's first issue.

**B. Ineffective Assistance of Counsel**

In his second issue, appellant argues his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution. Appellant states

---

[2] We assume the reference to 412 is to Texas Rule of Evidence 412 (Evidence of Previous Sexual Conduct in Criminal Cases).

his lawyer was ineffective because he failed "to consult or retain any experts to aid him and to present evidence concerning the Reid Interrogation Technique[3] and how such an interrogation is not meant to get at the truth of an allegation. Defense Counsel was also ineffective for not consulting or retaining any experts concerning the DNA evidence or the SANE Examination, both highly scientific and outside the normal experience of lay persons."

To prove a claim of ineffective assistance of counsel, appellant must show (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

---

[3] Appellant's brief states the Reid Interrogation Technique is a 9-step interrogation method commonly used by police.

Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) (quoting *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012)). When the record is silent, we may not speculate to find trial counsel ineffective. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Appellant argues on appeal that had his counsel hired three experts, his trial strategy may have been different. He discusses topics that could have been raised with the experts, and assumes the experts would have testified favorably on his behalf. Appellant, however, offers no evidence the experts would have testified in a manner supportive of his case. Additionally, because appellant did not file a motion for new trial, the record is silent regarding whether defense counsel consulted or retained experts and, if he did not, his reasons.

Appellant's arguments do not establish deficient performance under the *Strickland* standard; instead, the arguments present a theory about what might have been a better trial strategy and what the experts might have testified to. However, failure to follow the best trial strategy or execute the strategy in the best way is not the *Strickland* ineffective assistance standard. Appellant must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. On this silent record and in this direct appeal, he has not done so.

Having reviewed the entire record, we conclude appellant has not established his trial counsel's performance fell below an objective standard of reasonableness. Therefore, we need not consider the second *Strickland* prong. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181476F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MITCHELL LEE WILLIAMSON,
Appellant

No. 05-18-01476-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 068084.
Opinion delivered by Justice Nowell.
Justices Bridges and Whitehill
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 8th day of April, 2020.