

# NUMBER 13-22-00092-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KADIN MICHAEL PEREZ,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

### On appeal from the 24th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

Appellant Kadin Michael Perez pleaded guilty to four counts of harassment of a public servant, a third-degree felony, without an agreed punishment recommendation from the State. *See* TEX. PENAL CODE ANN. § 22.11(a), (b). The trial court found Perez guilty and assessed punishment at ten years' confinement on each count, with the

sentences to run concurrently. By a single issue, Perez contends that the sentences imposed violate his Eighth Amendment right to be free from cruel and unusual punishment. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I. BACKGROUND

During his arrest for public intoxication, Perez spit on four police officers, telling them he was infected with COVID-19 and that he hoped they would contract the virus and die. Perez was taken to a hospital where he tested positive for COVID-19.

Indicted by the State on four counts of harassment of a public servant, Perez entered guilty pleas on each count, waived his right to a jury trial, and made a request for probation. The trial court accepted his pleas, ordered a presentencing investigation report, and set the matter for a sentencing hearing.

During the hearing, a body camera recording of the incident was entered into evidence and played for the trial court. None of the officers contracted COVID-19 from Perez, but each testified about how the incident negatively impacted their lives.

Several of Perez's family members testified on his behalf, saying that his behavior in the video was not indicative of his character. They believed that Perez was suffering from mental health and substance abuse issues and that he would benefit from treatment programs. All family members agreed that probation would be the best outcome for Perez.

The presentencing investigation report noted that in the five months preceding the incident, Perez had been arrested four times for public intoxication. The report also indicated that Perez was eligible for deferred adjudication or regular community supervision and that various programs were available to address his specific issues.

2

After the sentences were pronounced, the trial court asked Perez's counsel, "Anything else from the Defense?" He replied, "Nothing further from the Defense." No motion for a new trial was filed. This appeal ensued.

## II. ANALYSIS

In his single point of error, Perez contends that the trial court's imposition of ten-year sentences, although within the range of punishment provided for these offenses, violates the Eighth Amendment's prohibition against excessive sentences. *See* U.S. CONST. amends. VIII, XIV. Perez acknowledges that Texas courts have held that a sentence assessed within the range of punishment prescribed by the Legislature is not excessive, cruel, or unusual, but points out that a narrow exception to this rule exists when the sentence assessed is grossly disproportionate to the crime. *See Solem v. Helm*, 463 U.S. 277, 288 (1983); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016).

Perez also acknowledges that he did not "raise a specific objection to the sentence" when it was pronounced or in a motion for new trial. Nonetheless, he asserts that he preserved this issue for appeal because "trial counsel argued strenuously for probation and treatment as opposed to any term of imprisonment." Thus, according to Perez, his constitutional complaint was "apparent from the context." The State responds that Perez forfeited his complaint because generally arguing for probation, no matter how emphatically, does not alert the trial court that imposing a sentence of confinement would implicate the Eighth Amendment. We agree with the State.

Generally, to preserve error for appellate review, the record must show that an objection was made to the trial court, the grounds for relief were made "with sufficient

3

specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a)(1)(A); *see Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Although error preservation does not require a "hyper-technical or formalistic use of words or phrases," the complainant must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)). Further, "the trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Clark*, 365 S.W.3d at 340 (citing TEX. R. APP. P. 44.2(a), (b)). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)).

Here, Perez's counsel made the following remarks during closing:

Your Honor, if you get past the raw emotion of the video and look at Mr. Perez's overall history, demeanor, personality, characteristics, I think that he's a very good candidate for community supervision. I believe that he would succeed at that. There's been some testimony that he regrets what he d[id]. I know I can't testify personally, but I do believe that he is remorseful. I think that a community supervision [period] of two years would be an appropriate punishment in this case. I do not believe he's a danger to society at large. I don't believe he's a danger to people that have dedicated their lives to public service.

I believe he's learned his lesson; and I'd like to see him get a chance to prove that to the Court and to his family, who is here to support him.

The State opposed Perez's request for probation. It did not seek a specific sentence but stressed the need to "deter this type of crime in Victoria County."

In pronouncing Perez's sentence, the trial court expressed its view regarding the gravity of the offenses. In its opinion, the State could have charged Perez with the more serious offenses of aggravated assault because "it could be argued that the saliva containing the COVID-19 virus could cause serious bodily injury or death." *See* Tex. Penal Code Ann. § 22.02(a)(1), (b)(2)(B).

It is not clear from this context that Perez was implicitly arguing that confinement would offend the Eighth Amendment as grossly disproportionate. We first note the unusual timing of Perez's purported objection. Essentially, Perez contends that he preemptively objected to any sentence of confinement before his punishment was even assessed, and before he knew that he was receiving the maximum punishment. *See id.* § 12.34(a) (establishing the sentencing range for a third-degree felony at "not more than 10 years or less than 2 years"). Typically, to preserve a complaint that a sentence is grossly disproportionate, a defendant must object to the sentence "at the time it was imposed or in a motion for new trial." *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd)); *see, e.g., Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd) (finding waiver where appellant "made no objection to his sentence in the trial court, either at the time of disposition or in any posttrial motion").

Even if we assume that such an objection could be raised before the sentence is imposed, the trial court did not understand that it was "being asked to make a

5

constitutional ruling." *See Clark*, 365 S.W.3d at 340. In determining a disproportionality claim, courts evaluate three factors: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292; *Simpson*, 488 S.W.3d at 323. Here, Perez did not discuss or produce evidence comparing sentences imposed in Texas and elsewhere for the same offense,[1] and the trial court did not indicate through its statements or actions that it considered the second and third *Solem* factors. *See Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020), *cert. denied*, 142 S. Ct. 436 (2021) ("A complaint is obvious if there are 'statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be.'" (quoting *Clark*, 365 S.W.3d at 339)).

Rather, by suggesting that he was "a very good candidate for community supervision" and that two years of community service "would be an appropriate punishment in this case," Perez was merely arguing for leniency. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053(d)(1) (establishing the minimum period of community supervision in felony cases as "the same as the minimum term of imprisonment applicable to the offense"). But in explaining "why he thinks he is entitled to" community supervision, Perez never invoked the Constitution. *See Golliday*, 560 S.W.3d at 670. And requesting community supervision is "not so clearly connected to constitutional protections" that it

---

[1] Consequently, even if Perez had preserved the error, his claim would fail. *See, e.g.*, *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.) ("Even if Alberto's contention had been preserved for review, there is no evidence in the record comparing the sentences imposed on persons in Texas with sentences imposed against defendants in other jurisdictions who committed a similar offense.").

can be assumed to raise an Eighth Amendment objection to confinement. *See Clark*, 365 S.W.3d at 340; *see also Cantley v. State*, No. 01-09-00048-CR, 2009 WL 3930782, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op., not designated for publication) (rejecting argument that appellant's "long-standing belief that probation (deferred adjudication) was the appropriate punishment" preserved Eighth Amendment challenge). Because Perez's purported objection lacked the requisite specificity to alert the trial court that he was requesting a constitutional ruling, Perez did not preserve this issue for appeal. *See Clark*, 365 S.W.3d at 340; TEX. R. APP. P. 33.1. Accordingly, Perez's issue is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of August, 2022.