

# NUMBER 13-23-00275-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RUBEN ANTHONY CANO,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

## ON APPEAL FROM THE 218TH DISTRICT COURT
## OF KARNES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

A jury found appellant Ruben Anthony Cano guilty of two counts of aggravated

assault with a deadly weapon, second-degree felonies enhanced by Cano's habitual

felony offender status.[1] *See* TEX. PENAL CODE ANN. §§ 12.42(d), 22.02(a)(2). The jury sentenced Cano to sixty years' imprisonment in both counts, ordered to run concurrently. By what we construe to be three issues, Cano argues the trial court abused its discretion by overruling his relevancy and hearsay objections and denying his request for mistrial after the State "fail[ed] to provide the defense evidence." We affirm.

## I. BACKGROUND

On December 6, 2021, Karnes City Police Department Sergeant Mike Ochoa was dispatched to a residence. He arrived to find Becky Soliz badly beaten. Soliz was airlifted to a nearby hospital and treated for fractured ribs; stab wounds to her left flank, left and right thigh; and "serious bruis[ing]" to her "[h]ead, face, neck, chest, abdomen, upper, mid and lower back, right elbow, right forearm, right wrist, right hand, right thigh[,] right knee[,] . . . left arm, [l]eft elbow, left forearm, left wrist, left hand, left thigh[,] and left knee." Soliz told officers Cano had beaten her with a bat and stabbed her multiple times with a knife. Cano was indicted on two counts of aggravated assault with a deadly weapon.

At trial, Soliz testified that on December 5, 2021, she was awoken in the early evening hours by Cano, accusing her of infidelity. She and Cano had been homeless, living out of a van at the time. As the argument escalated, Cano pulled out a metal bat and began hitting her. Cano struck her several times before Soliz caught the bat mid-swing and pushed it back, hitting Cano in the head. Cano eventually taped Soliz's arms

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

to her back. Cano then assaulted her using "needle-nose pliers" and a small knife. Soliz testified that Cano told her that he intended to "make [her] bleed to death." According to Soliz, Cano removed the tape in the early morning hours of December 6th before forcing Soliz to perform oral sex on him. Following Soliz's multiple pleas for water, Cano stopped hurting Soliz. As soon as Cano exited the vehicle, Soliz ran to a neighbor's residence, where she called 9-1-1. Cano returned to the area carrying two cups of water and was arrested shortly thereafter.

In a single statement, Soliz testified that Cano had also been physically abusive prior to December 5, 2021: "Well, I started getting accused of cheating all the time and all this and all that; and I just started getting hit and all that, too, so." Cano objected, and although his objection was overruled, Soliz did not further expound on this testimony.[2]

Soliz's medical records and images of Soliz's injuries were admitted at trial, in addition to the responding officers' body camera recordings.

The jury returned a guilty verdict and sentenced Cano to sixty years on both counts. This appeal followed.

---

[2] Soliz's statements regarding the forced oral sex incident were similarly limited:

Q. And what did he want you to do to him?

A. He wanted me to perform oral sex on him.

Q. And did you do it?

A. Yes, ma'am.

Q. Why did you give him oral sex? You know, the assaults went on and—why did you perform oral sex on him?

A. Maybe he would stop.

## II.    EXTRANEOUS EVIDENCE

By his first issue, Cano argues the trial court abused its discretion in overruling his Rule 403 objection and admitting extraneous offense evidence; namely, Soliz's testimony concerning Cano's prior physical violence in the relationship and Cano's "demand[] that the alleged victim perform oral sex on him" during the commission of the indicted offense. *See* TEX. R. EVID. 403.

### A.    Standard of Review and Applicable Law

Texas Rule of Evidence 403 "excludes otherwise relevant evidence when the costs of admission outweigh its utility." *Hart v. State*, No. PD-0677-22, 2024 WL 2034571, at *5 (Tex. Crim. App. May 8, 2024). In accordance with the rule, "[t]he [trial] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. We utilize four factors in our determination of whether evidence is admissible under Rule 403: "(1) the strength of the evidence's probative value, (2) the potential for the evidence to 'impress the jury in some irrational but nevertheless indelible way,' (3) [t]he amount of time required at trial to develop the evidence, and (4) the proponent's need for the evidence." *Hart*, 2024 WL 2034571, at *5 (quoting *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990)). In any given case, "these factors may well blend together in practice." *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Moreover, the balancing of these factors "is always slanted toward admission, not exclusion, of otherwise relevant evidence." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App.

4

2009); *see Gittens v. State*, 560 S.W.3d 725, 732 (Tex. App.—San Antonio 2018, pet. ref'd) ("Rule 403 carries with it a presumption that relevant evidence will be more probative than prejudicial." (quoting *Martinez v. State*, 155 S.W.3d 491, 497 (Tex. App.—San Antonio 2004, no pet.))). We review a decision to admit or exclude evidence for an abuse of discretion. *Montgomery*, 810 S.W.2d at 391; *Beltran v. State*, 517 S.W.3d 243, 247 (Tex. App.—San Antonio 2017, no pet.).

## B.    Analysis

### 1.    Probative Value and State's Need

The first and last steps in the Rule 403 balancing test require that we identify the probative value and the State's need for the evidence, respectively. *See Hart*, 2024 WL 2034571, at *6–7. Evidence is probative if it tends to make a fact of consequence more or less likely. TEX. R. EVID. 401(a). With respect to these factors, Cano altogether disputes that he assaulted Soliz in any manner, and apart from Soliz, there were no witnesses to the assault. Not only does the extraneous-offense evidence that Cano had previously assaulted Soliz and that he forced her to perform oral sex contextualize the relationship between Cano and Soliz, it serves to rebut the defensive theory that Soliz fabricated the incident and tends to make the fact of consequence—that is, Cano's ability to harm Soliz—more likely. *See Hart*, 2024 WL 2034571, at *6–7; *see also Ervin v. State*, No. 08-15-00025-CR, 2017 WL 3614237, at *9 (Tex. App.—El Paso Aug. 23, 2017, pet. ref'd) (mem. op., not designated for publication) ("[T]he prior sexual assault was part of the very fabric of the story of Appellant's relationship with his victim, which was one of the main

5

issues in the case, making it a highly relevant and necessary part of the State's case."). Thus, these factors weigh in favor of admission.

### 2. Time Needed to Develop the Evidence

We next examine "how much trial time was dedicated to the development of the evidence such that its introduction caused undue delay." *Hart*, 2024 WL 2034571, at *7 (citing *Montgomery*, 810 S.W.2d at 389–90). "[T]he concern is the extent to which the jury is distracted from considering the charged offense." *Id.* Therefore, "the time needed to develop the character evidence necessarily includes any testimony introduced regarding the evidence, including cross-examination, redirect examination, and any rebuttal offered by the defense in response to the evidence." *Id.*

The time needed to develop Soliz's testimony concerning the past physical assault and sexual assault amounted to less than one page of the record. Whereas, the entirety of her testimony, including cross-examination and re-direct examination, spanned approximately forty pages of the record. This extraneous offense evidence was not elicited from any other witnesses, and Soliz's objected-to testimony was only referenced in two lines of the State's closing arguments. *See Inthalangsy v. State*, 634 S.W.3d 749, 759 (Tex. Crim. App. 2021); *see also Garcia v. State*, No. 04-22-00057-CR, 2023 WL 8440526, at *4 (Tex. App.—San Antonio Dec. 6, 2023, no pet.) (mem. op., not designated for publication). Thus, this factor weighs in favor of admission.

### 3. Prejudicial Dangers

Regarding the third factor, the phrase "unfair prejudice" in Rule 403 "refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily,

6

an emotional one." *Gigliobianco*, 210 S.W.3d at 641 (citing *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)). We acknowledge that extraneous-offense evidence of sexual assault may be inflammatory and consequently prejudicial. *See Pawlak v. State*, 420 S.W.3d 807, 809 (Tex. Crim. App. 2013) ("We have held that sexually related bad acts and misconduct *involving children* are inherently inflammatory." (emphasis added)); *see also Ervin*, 2017 WL 3614237, at *8 ("[W]e recognize that evidence of a prior sexual assault may carry with it an emotional charge."). However, Rule 403 does not call for the exclusion of all prejudicial evidence; rather, it only allows exclusion of *unfairly* prejudicial evidence. *Proo v. State*, 587 S.W.3d 789, 814 (Tex. App.—San Antonio 2019, pet. ref'd); *see* TEX. R. EVID. 403.

Here, Soliz's testimony concerning their abusive relationship history and Cano forcing her to perform oral sex was not unduly salacious or inflammatory and arguably "no more serious than the allegations forming the basis [of] the indictment." *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd). Moreover, Cano "does not identify any particular facts" about Soliz's testimony that make it "uniquely or unfairly prejudicial." *See Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Therefore, although Soliz's testimony may have been prejudicial, Cano has not demonstrated that it was *unfairly* prejudicial. *See Pawlak*, 420 S.W.3d at 811 ("[T]he plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial."). This factor weighs in favor of admission.

7

### 4. Weighing the Factors

Based on our review of the relevant factors, we conclude that the trial court did not abuse its discretion in determining that the probative value of the extraneous-offense evidence was not substantially outweighed by its prejudicial effect. *See Montgomery*, 810 S.W.2d at 391. We overrule Cano's first issue.

### III. HEARSAY

Cano next asserts that the trial court abused its discretion by denying his hearsay objection concerning the same evidence discussed *supra*. *See* TEX. R. EVID. 802.

Preservation of error is a systemic requirement on appeal. *Sandoval v. State*, 665 S.W.3d 496, 546 n.192 (Tex. Crim. App. 2022), *cert. denied*, No. 23-5618, 2024 WL 2116263 (U.S. May 13, 2024). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Id.* Generally, to preserve error for appellate review, the record must show that an objection was made to the trial court, the grounds for relief were made "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a); *see Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). "Magic words are not required, but the defendant must at least 'let the trial judge know what he wants [and] why he thinks himself entitled to it,' and he must 'do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Hall v. State*, 663 S.W.3d 15, 38 (Tex. Crim. App. 2021) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

We cannot find and Cano does not cite to where in the record he objected to the admission of evidence concerning his relationship with Soliz, or his demand that Soliz perform oral sex on December 6, 2021, based on hearsay or the applicable rules. *See generally* TEX. R. EVID. 802. Thus, this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a). We overrule Cano's second issue.

## IV.    MISTRIAL

By his third issue, Cano argues "the trial court abused its discretion by not granting the mistrial" after the State "fail[ed] to provide the defense evidence."

To preserve error for appellate review, specifically a motion for mistrial, the record must show that the motion was timely and specific. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *see* TEX. R. APP. P. 33.1(a); *see also Juan v. State*, No. 04-15-00770-CR, 2017 WL 2960407, at *8 (Tex. App.—San Antonio July 12, 2017, pet. ref'd) (mem. op., not designated for publication). In this case, Cano waited until the conclusion of the State's direct examination of Soliz to move for a mistrial, arguing that Soliz's testimony—specifically, that she struck Cano with a bat in self-defense and later Cano taped her hands behind her back—deviated from prior statements to law enforcement, and such information was absent from the discovery provided to Cano ahead of trial. Under these circumstances, however, Cano's motion for mistrial was untimely, and he failed to preserve his complaint for appellate review. *See Griggs*, 213 S.W.3d at 927 (concluding appellant's motion for mistrial was untimely and unpreserved for appellate review and the court of appeals erred in addressing that complaint where appellant's grounds for his motion first became apparent during testimony but he waited to move for

a mistrial until after the testimony had been concluded); *see also Davis v. State*, No. 04-15-00602-CR, 2016 WL 4537927, at *9 (Tex. App.—San Antonio Aug. 31, 2016, pet. ref'd) (mem. op., not designated for publication) (same).

We overrule Cano's third issue.

## V. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of June, 2024.