

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00359-CR

ROBERT LUJAN,

**Appellant**

 v.

THE STATE OF TEXAS,

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2022-562-C1**

## MEMORANDUM OPINION

Following a jury trial, Appellant was convicted of aggravated assault and sentenced to life in prison. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 22.02. In his sole issue on appeal, Appellant contends that the trial court erred by admitting video evidence of a witness's prior out-of-court statement. We affirm.

DISCUSSION

Appellant complains of the trial court's admission of State's Exhibit 11 during the guilt-innocence phase of trial. State's Exhibit 11 consists of two video clips, each less than one minute in length. In these video clips, a witness describes to law enforcement the type of vehicle that Appellant was driving during an incident unrelated to the present case. At trial, the State called this witness to testify. After the witness testified that he did not recall the conversation with police where he described the vehicle driven by Appellant, the State offered State's Exhibit 11 into evidence. Appellant objected, "He hasn't said that he didn't say anything and that he didn't talk to the police. Saying he doesn't remember doesn't allow them to bring in extrinsic evidence to impeach him." The trial court overruled the objection and granted Appellant a running objection.

A witness's prior inconsistent statement may be used to impeach the witness's credibility. *See* TEX. R. EVID. 613(a). On appeal, Appellant concedes that State's Exhibit 11 was admissible for impeachment purposes because the witness failed to unequivocally admit to making the statement. *See McGary v. State*, 750 S.W.2d 782, 786 & n. 3 (Tex. Crim. App. 1988). He argues, however, that its admission was error because the State called this witness for the primary purpose of impeachment, as a scheme to present otherwise inadmissible evidence to the jury. *See Barley v. State*, 906 S.W.2d 27, 37 n.11 (Tex. Crim. App. 1995).

The State argues that Appellant waived this complaint because his objection at trial does not comport with his complaint on appeal. *See* TEX. R. APP. P. 33.1(a); *Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). Appellant's trial objection was that the proper threshold for impeachment through extrinsic evidence had not been met, not that the State called the witness for an improper purpose. Accordingly, Appellant's complaint is not preserved for our review. *See* TEX. R. APP. P. 33.1(a).

Even if Appellant had preserved this complaint for review, the trial court's admission of State's Exhibit 11 was not error. "[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). The evidence complained of in State's Exhibit 11 is the witness's general description of the type of vehicle Appellant drove. At trial, State's Exhibits 13 and 14, which are photographs of a vehicle matching the same general description given by the witness, were admitted without objection. The victim, who was Appellant's former girlfriend, testified that Appellant assaulted her while she was seated in the passenger seat of the vehicle depicted in State's Exhibits 13 and 14. Additionally, one of Appellant's own witnesses identified the vehicle in State's Exhibits 13 and 14 as a vehicle that Appellant drove when he requested the witness to change a flat tire for him. Any error in admitting the complained-of video evidence was cured because the same evidence was admitted elsewhere without objection. *See id.*

Accordingly, we overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion issued and filed November 7, 2024
Do not publish
[CRPM]

