

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00310-CR

———————————————————

DA SHAWN LAMOND WILLIAMS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1795850

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. Introduction

A jury convicted Appellant Da Shawn Lamond Williams of aggravated robbery and the murder of Christon Jones and assessed Williams's punishment at 25 years' confinement for the aggravated robbery and 50 years' confinement for the murder.[1] *See* Tex. Penal Code Ann. §§ 12.32, 19.02(c), 29.03(b).

In a single point, Williams asserts that the trial court erred by denying his motion to suppress and thereby allowed into evidence a distinctive backpack that linked him to the scene of Jones's murder. Because Williams's arguments on appeal do not comport with the ones he made in the trial court, he has failed to preserve this complaint. We overrule his sole point and affirm the trial court's judgment.

### II. Background

Jones was murdered in May 2020 during the second of two robberies that occurred in Isac Hernandez's home. In the first robbery, a limited-edition "Backwoods 'Dark Stout' backpack" had been stolen; in the second robbery, in which Jones was shot and killed, the State charged Williams with the above offenses.

Almost a year later, in March 2021, after the murder of Patrick Lovell Boone Jr., the police executed a search warrant on Williams's home and seized, among other things, the limited-edition backpack that had been stolen in the first robbery at

---

[1]The jury found that Williams used a deadly weapon during the offenses.

Hernandez's home.  Before the Jones trial, Williams sought to suppress the backpack

and its contents, arguing,

(1)  The backpack exceeded the warrant's scope in that the search warrant affidavit listed it as an item to be seized but the search warrant did not;

(2) The backpack's contents—including two of Hernandez's old school IDs—were not listed in the search warrant or in the sponsoring affidavit;

(3) The officers should have obtained an additional search warrant for the backpack and its contents; and

(4) The backpack was "stale as far as the timing goes."

The trial court overruled Williams's objections and found that the backpack had been

incorporated by reference into the search warrant from the affidavit.[2]

During trial, Williams generally reurged his objections to the admission of

photos of the backpack and school IDs, and the trial court overruled these objections

and admitted them into evidence.  At the trial's conclusion, the jury convicted

Williams of murder and aggravated robbery.  After the punishment trial, the trial court

sentenced Williams in accordance with the jury's punishment assessments and set

Williams's sentences to run concurrently.  This appeal followed.

---

[2]The search warrant's language had incorporated the affidavit by reference "for all purposes."  *See Green v. State*, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990) ("[T]he warrant and supporting affidavit must be read together and a determination of validity made according to the totality of circumstances."); *see also Greene v. State*, 358 S.W.3d 752, 756 (Tex. App.—Fort Worth 2011, pet. ref'd) ("The description contained in the affidavit limits and controls the description contained in the warrant.").

## III. Preservation

In a single point, Williams complains that the trial court erred by denying his motion to suppress because the warrant lacked probable cause. Specifically, he argued:

(1) The date of Boone's murder is set forth incorrectly;

(2) The affiant failed "to explain how he determined that [911 caller Tanner] Horner's and [Tanner's girlfriend Kassi] Wayt's testimony was reliable and credible"; and

(3) The affidavit "relies extensively upon unnamed, anonymous, and unidentified 'family members' [of Boone] whose hearsay testimony is unsubstantiated and with no substantial basis identified for crediting the hearsay testimony" or independent investigation to corroborate the information.

To preserve a complaint for appellate review, a party must have presented a timely objection to the trial court, stating the specific grounds for the desired ruling, and the appellant's argument on appeal must comport with his trial objection. *Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017); *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016); *see also* Tex. R. App. P. 33.1 (stating preservation rule); *Thomas v. State*, 408 S.W.3d 877, 884–85 (Tex. Crim. App. 2013) (explaining that "the reason that any objection must be specific in the first place is so that the trial court can avoid the error or provide a timely and appropriate remedy, and the opposing party has an opportunity to respond and, if necessary, react"); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at

4

trial.[] In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time.").

Because, as set out in our recitation above, Williams's arguments to the trial court differ from those he is making on appeal, he has failed to preserve his suppression complaint for our review. *See* Tex. R. App. P. 33.1; *Pena*, 285 S.W.3d at 464. Accordingly, we overrule his sole point.

## IV. Conclusion

Having overruled Williams's sole point, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 12, 2024